UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICIA DOTSON, | No. CV 09-1682 FFM |
| Plaintiff, | MEMORANDUM DECISION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her applications for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on September 28, 2009, the parties filed a Joint Stipulation (the "JS") detailing each party's arguments and authorities on May 25, 2010. The Court has reviewed the administrative record ("AR"), filed by defendant on March 19, 2010, and the JS. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

/ / /

/ / /

/ / /

**PROCEDURAL HISTORY**

On May 5, 2005, plaintiff filed applications for SSDI and SSI benefits. She alleged a disability onset of May 5, 2005. Plaintiff's claim was denied initially and upon reconsideration. A request for a hearing before an administrative law judge ("ALJ") was timely filed. ALJ Thomas Tielins held a hearing on July 25, 2008. Plaintiff appeared with counsel and testified at the hearing. Thereafter, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on July 22, 2009.

Plaintiff commenced the instant action on September 16, 2009.

**CONTENTIONS**

Plaintiff raises a number of interrelated issues in this action. The crux of plaintiff's appeal is a claim that a lack of medical records prejudiced plaintiff's applications. Plaintiff also contends that given the length of time between the consultative examination and the hearing, the consultative examiner's findings should have been updated. Finally, plaintiff contends that the ALJ improperly discounted plaintiff's allegations of subjective symptoms.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as

well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

<u>Claims relating to the paucity of medical records</u>.

Plaintiff asserts that the record is lacking all of the records of plaintiff's mental treatment and many physical treatment records from her treating physician. Plaintiff contends that the ALJ should have made a greater effort to locate these records. Defendant argues that the agency contacted plaintiff's treating physician on three separate occasions, but the physician did not respond. Moreover, plaintiff's counsel obtained some records and provided them in the administrative proceedings. Defendant also argues that the agency contacted Kaiser (where plaintiff received mental treatment) on three occasions. Kaiser responded that it had no records. The agency also arranged for a consultative examination of plaintiff regarding her physical condition.

The claimant has the burden of proving disability. 20 CFR ¶ 404.1512(a) ("[Y]ou have to prove to us that you are . . . disabled.") However, the ALJ has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). Here, although the record admittedly lacked any treatment records from plaintiff's psychiatrist and many records from plaintiff's treating physician, the ALJ took every reasonable step to develop a complete record. Pursuant to 20 CFR ¶ 404.1512(d), the agency will contact a claimant's treating sources twice to obtain records; here, plaintiff's sources were both contacted three times. Moreover, given the paucity of

medical records, the ALJ obtained a consultative examination of plaintiff. These actions were sufficient to comply with the ALJ's duty to develop the record with respect to plaintiff's physical complaints.

With respect to plaintiff's alleged mental impairment, as far as the Court can tell from the AR, it appears that the ALJ obtained a non-examining doctor to review records and fill out the "Psychiatric Review Technique" form. It is unclear what records this doctor reviewed, given that records from plaintiff's treating psychiatrist were never obtained. Ordinarily, an ALJ may not decide an issue against a claimant based on an absence of evidence in the record. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589-90 (9th Cir. 1998). Despite requesting records, the ALJ had no mental treatment medical records available to him. Therefore, the ALJ had a duty to develop the record. "The ALJ may discharge [the duty to develop the record] in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150; *see also Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Alternatively, the ALJ may request that the claimant undergo a consultative examination. 20 C.F.R. §§ 404.1512(e), 416.912(e). Thus, remand is required with respect to development of the record regarding plaintiff's alleged mental impairment.

<u>Claim relating to failure to update the medical record.</u>

Plaintiff contends that because of the nearly two year lag between the date of the consultative examination of plaintiff and the hearing as well as the existence of several MRI's taken after the date of the consultative examination, the ALJ should have updated the record. Defendant argues that the ALJ satisfied his duty to develop the record by ordering the consultative examination.

Although it appears that as of 2006 the ALJ complied with his duty to develop the record with respect to plaintiff's physical condition, the length of time between the examination and the hearing, combined with the availability of additional medical

records (at least the MRI's, if not additional treating records) required the ALJ to update the medical record. Therefore, remand is required on this issue as well.

<u>Plaintiff's claim regarding the ALJ's credibility determination.</u>

Plaintiff contends that the ALJ improperly discredited her testimony regarding her subjective symptoms. Defendant contends that the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony.

A claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . ." (the *Cotton* test). *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (internal quotation marks omitted); *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. *Bunnell*, 947 F.2d at 345; *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain . . . , a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain") (internal citation omitted); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying *Bunnell* to subjective physical complaints). However, an ALJ may reject a claimant's allegations upon: (1) finding evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

The following factors may be considered in weighing the claimant's credibility in the absence of evidence of malingering: (1) his reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th

Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). The ALJ may also use "ordinary techniques of credibility evaluation." *Thomas*, 278 F.3d at 960. "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.*; *Benton*, 331 F.3d at 1041. The ALJ's credibility determination is entitled to deference if his reasoning is supported by substantial evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell*, 947 F.2d at 345 (internal quotation marks omitted); *see also Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (ALJ must "point to specific facts in the record which demonstrate that [the claimant] is in less pain than she claims").

Here, the ALJ found that the objective medical evidence demonstrated an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged by plaintiff. However, the ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." (AR 15.) Therefore, the ALJ was required to specify clear and convincing reasons for discounting plaintiff's testimony.

The ALJ specified nine reasons for finding plaintiff not entirely credible:

> <u>First</u>, the claimant is able to take care of her activities of daily living, which include care of all her personal needs, take care of her two year old granddaughter, cooking, light house keeping, shopping and she continues to drive a car. These activities do not indicate a disabling level of impairment.
> 
> <u>Second</u>, there is no medical basis for any assistive devices prescribed by a doctor and she uses it intermittently.

>  Third, the claimant does not exhibit any severe weight loss or severe sleep deprivation, which is indicative of severe and disabling pain.
>  Fourth, there are no recent x-rays performed since 2003. It is further noted that the claimant was able to work for several hears [sic] following the spinal findings noted in these x-rays from 2003.
>  Fifth, on October 10, 2006, Dr. Sophon reported the claimant had a normal curvature and no swelling, no tenderness or spasms, inflammation or deformity in her back. The claimant was able to sit and stand with normal posture. The claimant was able to rise from a chair without difficultly. Dr. Sophon opined the claimant could sit, stand and walk six hours out of an eight-hour workday (Exhibit 1F/2, 3).
>  Sixth, Dr. Sophon reported the shoulder examination showed the claimant's condition improved. There was no evidence of tenderness or muscle atrophy. The clamant had a full range of motion in her shoulders. Dr. Sophon opined the claimant would be able to lift and carry twenty-five pounds occasionally and ten pounds frequently (Exhibit 1F).
>  Seventh, on April 10, 2008, the claimant underwent shoulder surgery, which she tolerated the procedure well. After undergoing physical therapy, the claimant's shoulder pain continued to improve (Exhibits 12F/2 and 13F/3).
>  Eighth, the State agency found the claimant could perform a light level of exertion (Exhibit 2F).
>  Ninth, the State agency found the claimant's mental impairment is not severe (Exhibit 7F).

AR 15.

///

///

///

Reason one simply misstates the record. Plaintiff testified that she encountered difficulties in performing the most minor daily activities. She never testified that she regularly takes care of her granddaughter; she testified that one night she took the granddaughter to her house for the night.

Reason two is not clear and convincing. Plaintiff testified that she had been prescribed a cane and there was no contrary evidence.

Reason three also is not clear and convincing. There is no evidence in the record that plaintiff's symptoms should have been accompanied by weight loss or severe sleep deprivation.

Reason four is only half correct. Although there were no more recent X-rays, there were more recent MRI's which were not reviewed by any doctor.

Reasons five and six describe medical records, but do not take into account any post-2006 examinations of plaintiff.

Reason seven is not supported by the record.

Reasons eight and nine are not convincing given the need to further develop the record for the reasons described above.

Finally, the ALJ added the following as an example of how capable plaintiff is:

> [Plaintiff] described a recent trip to Sacramento where in one day she was able to catch a flight from San Bernardino California to Sacramento California to attend an event at the State Capitol. The claimant was able to participate in the event that included a significant amount of walking and meeting with members of the legislature. The claimant was able to fly back to San Bernardino and picked-up her two-year old grand daughter and brought her home to baby sit. This was, by her testimony, an active fifteen-hour day that she tolerated without a significant problem.

AR 16.

///

Although attending the event in Sacramento, including traveling to and from Sacramento by airplane in the same day, walking extensively and meeting with members of the legislature, seems inconsistent with plaintiff's description of her symptoms, the Court does not find that a day trip in itself provides a clear and convincing reason for disbelieving plaintiff.  The Court is somewhat troubled by the ALJ's comment that plaintiff testified that she "tolerated [the trip, event and taking her granddaughter for the evening] without a significant problem."  (AR 16.)  Plaintiff actually testified that "By 10:00 that night, by the time I got home and I put my grandbaby to bed – she's two years old – my back gave out and I literally could not get off the bed, because my legs gave out and I couldn't move.  And I was actually terrified because I didn't know how I was going to be able to, to get even just to the bathroom, use the bathroom."  (AR 33.)  To the extent the ALJ based his finding on plaintiff's testimony that she "tolerated well" the expedition, the finding is clearly erroneous.  Therefore, remand is required for the ALJ, after considering the additional medical evidence mentioned above, to re-evaluate plaintiff's credibility.

To the extent plaintiff has asserted any sub-issues with respect to the foregoing, the Court need not address such sub-issues given the Court's order of remand.

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

**IT IS SO ORDERED.**

DATED: October 26, 2010

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge